# EXHIBIT A

```
David R. Sidran - 121063
Thomas M. Crowell - 172799
Matthew K. Sidran - 337964
SIDRAN LAW CORP
2010 Crow Canyon Place, Suite 100
San Ramon, CA 94583
Telephone: 925/529-1350
Facsimile: 925/529-1350

William C. Reeves - 183878
Canon Young - 189142
MORALES FIERRO & REEVES
2151 Salvio Street, Suite 280
Concord, CA 94520
Telephone: 925/288-1776
Facsimile: 925/288-1856
```

Attorneys for Plaintiff Tesla, Inc.

E-FILED
11/21/2022 12:20 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
22CV407757
Reviewed By: R. Cachux

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| TESLA INC., | Case No.: 22CV407757 |
| Plaintiff, | COMPLAINT |
| vs. | |
| BERKLEY ASSURANCE COMPANY and DOES 1-20 inclusive, | |
| Defendants. | |

Plaintiff Tesla, Inc. ("Plaintiff") alleges as follows:

<u>General Allegations</u>

1.    Plaintiff is a corporation engaged in the business of selling solar roof panels in California.

2.    On information and belief, Defendant Berkley Assurance Company ("Berkley") is a corporation engaged in the business of selling insurance.

3.    DOES 1-20 inclusive are individuals and/or entities that are unknown at this time, and are named as defendants. DOES 1-20 inclusive committed the wrongful acts and omissions alleged herein, and are responsible and liable and/or involved in some manner for the dispute alleged herein. When Plaintiff discovers the true name of said defendants, it will designate the

1

COMPLAINT

1  individual and/or entity as a defendant at that time.

2      4.    The amount in controversy is that sum of money which Defendants owe Plaintiff as
3  described herein. This sum exceeds the jurisdictional minimum of this Court.

Background Facts

5      5.    Plaintiff was named as a party to an arbitration proceeding styled *Rukstalis v. Tesla*,
6  JAMS Case No.: 01-21-0002-2012 ("Underlying Matter") in which allegations were made of
7  damage because of property damage to a single family home arising from the work of non-party
8  Acme Roofing Services, Inc. ("Acme"). The arbitrator, in connection with the Underlying Matter,
9  ultimately issued a monetary award in favor of the claimants and against Plaintiff ("Award").

10     6.    Berkley issued primary and excess commercial general liability insurance policies
11 ("Policies") to Acme pursuant to which Berkley agreed to indemnify insureds for damages because
12 of property damage caused by an occurrence for which coverage was not otherwise excluded or
13 barred. Per the terms of the Policies, Plaintiff qualifies as an additional insured.

14     7.    In response to a tender, Berkley agreed to fully and completely defend Tesla in the
15 Underlying Matter. Berkley, however, refused to fully indemnify Plaintiff for the sums awarded via
16 the Award.

17     8.    As a result of Berkley's conduct, Plaintiff was required to satisfy a portion of the
18 Award with its own money while Plaintiff's insurers, Zurich American Insurance Company and
19 Steadfast Insurance Company (collectively "Zurich") satisfied the balance of the Award.

20     9.    Zurich assigned all of its rights in connection with the Award to Plaintiff via a
21 written agreement ("Assigned Rights") such that Plaintiff asserts the Assigned Rights as well as its
22 own rights in this case.

CAUSE OF ACTION NO. 1 - DECLARATORY RELIEF
(As Against Defendants)

25     10.    A dispute exists in this case regarding whether the Policy affords coverage for the
26 Award.

27     11.    This dispute presents an actual, present and justiciable controversy.

28     12.    A judicial determination of this controversy is necessary and appropriate in order for

2

COMPLAINT

the parties to ascertain their rights, duties and obligations regarding this dispute.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

### CAUSE OF ACTION NO. 2 - BREACH OF CONTRACT

#### (As Against All Defendants)

13. Plaintiff incorporates the provisions of all prior paragraphs as though fully set forth herein.

14. Per the terms of the Policies, Defendants are obligated to indemnify Plaintiff for the sums awarded via the Award.

15. Defendants have breached this obligation by, inter alia, failing to fully and completely indemnify Plaintiff in connection with the Award.

16. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered actual and consequential damages and expenses as described herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

### CAUSE OF ACTION NO. 3 - BAD FAITH

#### (As Against All Defendants)

17. Plaintiff incorporates the provisions of all prior paragraphs as though fully set forth herein.

18. Under controlling law, an insurer owes a covenant of good faith and fair dealing Covenant").

19. Defendants have breached the Covenant by, inter alia, failing to indemnify Plaintiff in connection with the Award without a reasonable and/or justified basis for doing so.

20. As a direct and proximate result of the conduct of Defendants, Plaintiff has suffered actual and consequential damages and expenses as described herein.

WHEREFORE, Plaintiff prays for relief as set forth below.

### CAUSE OF ACTION NO. 4 - Equitable Contribution

#### As Against All Defendants

21. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

22. Defendants have an obligation to contribute, on an equitable basis, towards the Award.

23. Defendants have failed to contribute their fair and equitable share toward the Award.

24. Defendants are obligated under the principals of equity to reimburse Plaintiff for the sum it paid toward the Award in excess of its equitable share.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

CAUSE OF ACTION NO. 5 - Equitable Indemnity

As Against All Defendants

25. Plaintiff incorporates by reference as though fully set forth herein the allegations in all of the preceding paragraphs.

26. Defendants have an obligation to fully and completely satisfy the Award.

27. Defendants have breached this obligation by failing to satisfy the Award.

28. Defendants are obligated to reimburse Plaintiff for the sums paid toward the Award.

Wherefore, Plaintiff prays for judgment against Defendants as hereinafter set forth.

<u>Prayer For Relief</u>

AS TO THE FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF:

1. For a declaration and determination that the Policies afford coverage for the Award.

2. For a declaration and determination of the amount Defendants owe Plaintiff; and

3. For all other relief the Court deems just and proper.

AS TO THE REMAINING CAUSES OF ACTION:

1. For monetary damages according to proof at trial;

2. For attorney's fees and costs;

3. For all other relief the Court deems just and proper.

Dated: November 21, 2022

          MORALES FIERRO & REEVES

        By /s/ William C. Reeves
          William C. Reeves
          Attorneys for Plaintiff