UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BERKLEY ASSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 23-cv-00069-TLT<br><br>**ORDER REMANDING TO STATE COURT**<br><br>Re: ECF Nos. 22, 30, 35 |

## I.　INTRODUCTION

This removal action arises from Berkley Assurance Company ("Berkley")[1]'s refusal to interpret the provisions in its insurance policies to cover certain property damages during a construction project. ECF No. 1 (Notice of Removal), at 4 ¶¶ 12-13 (citing ECF No. 1-1 ("Complaint") ¶¶ 5, 6, 8, 15, 19, 24, 28). Plaintiff Tesla, Inc. ("Tesla"), a solar roofing contractor, and its subcontractor, Acme Roofing Services, Inc. ("Acme") are both insureds under policies issued by Berkley relating to that construction project. ECF No. 1 (Notice of Removal), at 4 ¶ 12 (citing Complaint ¶ 6). Because of Berkley's refusal, Tesla (along with Tesla's other insurance companies) paid nearly the entire amount of the arbitration award against it, with Berkley paying a small portion of that award ($6,426.52). ECF No. 1 (Notice of Removal), at 3 (citing Complaint ¶¶ 7, 8). To recover the amounts paid, Tesla filed a complaint in state court asking for, among other things, a judicial determination of the respective rights, duties, and obligations of Berkley. ECF No. 1 (Notice of Removal), at 3 (citing Complaint ¶¶ 7, 8, 10, 11). Tesla claims Berkeley refused to fully indemnify and to defend Tesla fully and completely. *Id.* Besides the declaratory relief cause of action, Tesla also alleges four other causes of action against Berkley and DOE

---

[1] For internal consistency, Berkley Assurance Co. is referenced herein as "Berkley". The supporting documents refer to the same company as "BAC".

1  defendants: breach of contract, bad faith, equitable contribution, and equitable indemnity, all
2  arising from Berkley's failure to pay a more than a small portion of the arbitration award.  ECF
3  No. 1-1 (Complaint), at 2:25-28, 4:3, 4:14, 4:25, 5:7.  Berkley moved for summary judgment,
4  which Tesla opposed, and the Court determined the motion suitable for decision without oral
5  argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court
6  **REMANDS** this action to state court for lack of jurisdiction, and therefore finds ECF Nos. 22, 30,
7  and 35 **MOOT**.

8  **II.    STATEMENT**

9  Before the property damage occurred and the dispute was arbitrated, Acme and Tesla had
10 agreed that Acme would be Tesla's roofing subcontractor on a construction project to improve a
11 property.  ECF No. 1 (Notice of Removal) ¶ 14; ECF No. 1-9 (Exh. I to the Declaration of Stephen
12 L. Cope ("Cope Decl.")), at 3.  Part of Tesla's and Acme Roofing's agreement required Acme
13 Roofing to have sufficient insurance coverage so that if the property being improved upon became
14 damaged by Acme Roofing (or one of its subcontractors) there would be enough insurance
15 coverage.  *See* ECF No. 1-11 (Exh. K to Cope Decl.) ¶¶ 4 ("requiring [Acme Roofing] to procure
16 a $1 million policy of comprehensive general liability insurance ("CGL") and a $5 million policy
17 of umbrella insurance.").  Due to this requirement, James G. Parker Insurance Associates ("JPIA")
18 issued a certificate of insurance ("Certificate") to Tesla on behalf of Acme representing that Acme
19 had in place a $1 million CGL insurance policy with Berkley; however, $1 million, and not $5
20 million, was issued to Berkley for the umbrella policy which had an additional insured
21 endorsement adding Tesla as an insured thereunder.  *Id.* ¶¶ 5, 14.  Zurich American Insurance
22 Company ("Zurich Ins.") and Steadfast Insurance Company also issued insurance policies to Tesla
23 relating to the construction project.  *Id.* ¶¶ 22, 24, 25.

24 During the construction project, the property suffered damage due to water infiltration
25 and mold allegedly caused by one of Acme Roofing's subcontractors, Restoration Experts, Inc.
26 dba Servpro of Campbell ("RIS").  *Id.* ¶¶ 15-18, 23.  The owners of the property suffered damage
27 due to water infiltration and mold allegedly caused by Acme Roofing/RIS's roofing work on the
28 construction project.  Thereafter, the owners arbitrated their dispute against Tesla and were

awarded damages in the amount of $2,766,357.75. ECF No. 1-9 (Exh. I to Cope Decl.), at 4, 13. Tesla and Zurich Ins. paid most of the arbitration award, and Berkely paid a small portion of the award ($6,426.52) and costs.[2] ECF No. 1 (Notice of Removal) ¶¶ 13, 14; ECF No. 1-1 (*Tesla, Inc. v. Berkley Assurance Co. et al*, No. 22-cv-407757 ("Removed Action")) ¶ 7; ECF No. 1-10 (Exh. J to Cope Decl.), at 2; ECF No. 16 (Joint Case Management Statement), at 3:7-11. In addition, Berkley claims it provided a defense to Tesla in the arbitration and paid the legal fees for the defense as well as other expenses incurred for the defense. ECF No. 22 (Motion for Summary Judgment), at 13:21-23; ECF No. 22-1 (Declaration of Kelly A. Bernstein in Support of Motion for Summary Judgment ("Bernstein Decl.")) ¶ 5.

> "Berkley" provided a defense to Tesla in the [arbitration] and paid the legal fees incurred for the defense [ ], as well as all other expenses incurred for the defense. To date, "Berkley" has paid a total of $142,134.14 as defense costs and $68,084.04 for expert costs on Tesla's behalf in connection with the [arbitration]. Tesla requested that "Berkley" also indemnify it for the entire Arbitration Award. "Berkley" agreed to and did indemnify Tesla for the portion of the Award for covered damages totaling $6,426.52. "Berkley" issued a check for this amount to Tesla and the check was issued.

*Id.* (brackets added). *See also*, fn.1, infra.

Believing it should not have had to pay such a high portion of the award, or any portion of the award, Tesla brought a lawsuit in the Santa Clara County Superior Court for Berkley's refusal to sufficiently indemnify or defend Tesla. *See* ECF No. 1 (Cope Decl.) ¶ 7 (Tesla filed the Removed Action initially in state court on November 21, 2022, and removed that action this Court on January 6, 2023). Tesla also brought a second lawsuit against Acme Roofing, RIS, and fifty Doe defendants for an alleged failure to procure the proper amount of insurance and claiming that they misled Tesla into thinking there was sufficient coverage for the project; and, as such, Acme Roofing, RIS, and the fifty Doe defendants are liable for damages and other relief. *See* ECF No. 1 (Notice of Removal) ¶ 14 (*Tesla v. Acme Roofing, Svcs. Inc. v. Acme Roofing Svcs., Inc. et al*, No. 22-cv-395405 ("Related Action")). The Related Action was filed initially in state court by Tesla

---

[2] In an email dated September 29, 2022 from Tesla's counsel to Berkley regarding Berkley's position to pay a small portion of the award, counsel for Tesla stated that "Tesla paid $1,289,831" toward the arbitration award "while Zurich paid the balance." ECF No. 1-10 (Exh. J to Cope Decl.) at 2; ECF No. 1-11 (Exh. K to Cope Decl.) ¶¶ 23, 24.

against Acme Roofing, RIS, and Does 1-50 on March 3, 2022, and the amended complaint was filed on January 13, 2023. *See* Docket entry dated January 13, 2023 for Case No. 22-cv-395405 filed in the Santa Clara Superior Court.

In the Related Action pending in state court, Tesla's complaint alleges seven causes of action: Two breach of contract actions – one for the failure of Acme and Does 1-10 to insure the proper amount ($5 million instead of $1 million), and the other for the failure of Acme and Does 1-10 to indemnify Tesla against all claims, losses, liabilities, and damages arising from Acme and RIS's work on the project. ECF No. 1-11 (Related Action) at 8-9. For the third cause of action (Intentional Misrepresentation and/or Fraudulent Concealment), Tesla claims that Acme Roofing, JPIA, and Does 11-20 knew the insurance coverage represented in the Certificate and/or AIE was illusory and nonexistent because certain exclusions were not disclosed and there was an insufficient umbrella policy. *Id.* at 9:26-11:25; *id.* ¶ 44. The fourth cause of action is for negligent misrepresentation against Acme Roofing, RIS, and Does 11-20. *Id.* at 12:3-13:18.

The fifth cause of action is equitable and/or comparative indemnity and contribution against Acme Roofing, RIS, and Does 21-30; the sixth cause of action is for declaratory relief against Acme Roofing, RIS, and Does 1-50. In the allegations for that cause of action, Tesla asks for a judicial determination of its own duties, rights, and obligations, along with a determination of the duties, rights, and obligations of Defendants. *Id.* at 14:16-15:14. For the seventh cause of action, Tesla alleges that Acme Roofing, RIS, and Does 31-50 knew, or should have known, that the CGL insurance policy contained an exclusion nullifying potential coverage in most potential claims that might otherwise be covered thereunder, and they are each legally responsible for the acts of each other under an alter-ego theory of liability. *Id.* at 15:22-16:2.[3]

In the Removed Action, the one before this Court, Tesla seeks relief based on five causes of action, which overlap with the Related Action. ECF No. 1-1 (Removed Action). The first cause of action is for Declaratory Relief with Tesla asking for a judicial determination of its own duties, rights, and obligations, along with a determination of the duties, rights, and obligations of

---

[3] It appears the complaint filed in the Related Action was amended to exclude JPIA as a defendant, but for the purposes of this order that is not relevant. *See id.*

Defendants. ECF No. 1-1 (Removed Action) ¶¶ 10-12; *id.* at 4:15-19 (Tesla asks the Court to issue "a Declaration and determination that the Policies afford coverage for the [arbitration] Award…[and] [f]or a declaration and determination of the amount Defendants owe Plaintiff…."). The second cause of action is for breach of contract on the grounds that Acme and its co-defendants failed to indemnify Tesla. *Id.* ¶¶ 13-16. The third through fifth causes of action in the Removed Action are bad faith, equitable contribution, and equitable indemnity against all Defendants. *Id.* at 4:14-5:14.

In both actions, Tesla claims it believed the CGL insurance policy issued by Berkley should cover the type of damage caused by Acme and RIS on the project. *See* ECF No. 1-1 (Removed Action) ¶¶ 6-16; ECF No. 1-11 (Related Action) ¶¶ 4, 14, 19. Tesla also claims that Acme was required to have sufficient insurance coverage, which should have included coverage for damages caused by water infiltration and/or mold; Berkley claims such coverage is excluded. ECF No. 1-1 (Removed Action) ¶ 6; ECF No. 1-11 (Related Action) ¶¶ 14-23.

Regarding citizenship, in its Notice of Removal, Berkley claims that Tesla is a Delaware Corporation and has its principal place of business outside of California, in Austin Texas. ECF No. 1 (Notice of Removal), at 2 ¶ 1; ECF No. 22-4 (Exh. 3 to Bernstein Decl.), at 2-3. Tesla also alleges that it is a Delaware Corporation. ECF No. 1-11 (Exh. K to Notice of Removal), at 5 ¶ 8. In Tesla's complaint, filed in the Superior Court of California, County of Santa Clara, *Tesla, Inc. v. Acme Roofing Svcs., Inc., et al.*, Case No. 22-cv-395405, Tesla alleges its principal place of business is in Palo Alto, California. *See* ECF No. 1-11, at 5:2-5; *see also* ECF No. 16 (Rule 26(f) Report), at 5; 22-4 (Exh. 6 to Bernstein Decl.), at 4 ¶ 8. In this Removal Action, Berkley is alleged to be an Iowa Corporation with its principal place of business in Scottsdale, Arizona. ECF No. 1-8 (Exh. H to Cope Decl. (Iowa 2022 Biennial report for an Iowa Corporation)), at 2. Berkley's other insured, Acme Roofing, is shown to be a corporation located in San Jose, California, according to Berkley's CGL Occurrence Declarations. ECF No. 22-2 (Exh. 1 to Bernstein Decl.), at 7. In the Related Action, the complaint appears to show JPIA is a California Corporation, and the California Secretary of State website confirms that JPIA is a California

5

Corporation.[4]

On October 2, 2023, Berkley filed a Motion for Summary Judgment that Tesla opposed. ECF. No. 22 (Motion); ECF No. 23 (Opposition); ECF No. 25 (Reply). For the reasons below, the Court finds it lacks jurisdiction, REMANDS the action, and therefore finds the Motion for Summary Judgment and other pending motions MOOT.

### III.   STANDARD

28 U.S.C. § 1441(a) permits a state court action to be removed to federal court only when the federal court has original jurisdiction. If there is no jurisdiction at any stage of the proceedings, then the case shall be remanded. 28 U.S.C. § 1447(c); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Fed. R. Civ. P. 12(h)(3) further provides that "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." There is a "strong presumption against removal jurisdiction" and any ambiguity will be construed in favor of dismissal or remand. *Hunter v. Philip Morris USA,* 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus v. Miles, Inc*., 980 F.2d. 564, 566 (9th Cir. 1992)). Because of this presumption, disputed facts are resolved in favor of the non-removing party. *Segura v. Allstate Ins. Co.*, No. 13-cv-05594-YGR, 2014 WL 3945657, at *4 (N.D. Cal. Aug. 11, 2014).

In an action removed to federal court based on diversity jurisdiction, the removing party must show the requisite amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs, and is *between citizens of different states*…". 28 U.S.C. § 1332(a)(1) (emphasis added). Subsection (c) of 28 U.S.C. § 1332 goes on to state:

> **(c)** For the purposes of this section and section 1441 of this title--
> **(1)** a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a

---

[4]   The Court may take judicial notice of documents available from the Santa Clara Superior Court docket and the Secretary of State website. *See* Fed. R. Evid. 201 ("The court may take judicial notice on its own" and may do so "at any stage of the proceeding"); *see also Saucillo v. Mares*, No. 22-55560, 2023 WL 3407092, at *1 (9th Cir. May 12, 2023).

> policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of--
> **(A)** every State and foreign state of which the insured is a citizen;
> **(B)** every State and foreign state by which the insurer has been incorporated; and
> **(C)** the State or foreign state where the insurer has its principal place of business.

*Id.*

"Complete diversity" requires that "no defendant 'is a citizen of the State in which such action is brought,' § 1441(b)." *Caterpillar*, 519 U.S. at 68.

Under Fed. R. Civ. P. 12(b)(7) an action can be dismissed for failing to join a party. *Zurich Am. Ins. Co. v. Elecs. for Imaging, Inc.*, No. 09-cv-02408 WHA, 2009 WL 2252098, at *2–3 (N.D. Cal. July 28, 2009) (citing *Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118-19 (1968)). "The inquiry is designed to avoid the harsh results of rigid application. *Eldredge v. Carpenters 46 N. Cal. Joint Apprenticeship & Training Comm.*, 662 F. 2d 534, 537 (9th Cir. 1981)." *Id.* at *2. Under Fed. R. Civ. P. 19, there are separate tests that must be satisfied before an action can be dismissed – the "necessary party" test and the "indispensable party" test:

> Rule 19(a) contains the "necessary party" test, which itself is comprised of two prongs. The first prong states that a party must be joined if "in that person's absence, the court cannot accord complete relief among existing parties." If this prong is not met, a party may still be deemed necessary if the second prong is met. That prong requires joining a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest, or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of interest."
>
> A finding that a party is necessary does not end the inquiry. The party must also pass the "indispensable party" test contained in Rule 19(b). Absent a necessary party, the court must decide whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Relevant factors to this determination include: (i) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties, (ii) the extent to which any prejudice could be lessened or avoided, (iii) whether a judgment rendered in the person's absence would be adequate, and (iv) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

7

*Zurich Am. Ins. Co.*, 2009 WL 2252098, at *2–3.

Under the Federal Rules of Civil Procedure, the Court can remand the action, instead of dismiss the action, if it were brought in federal court under the removal statutes. *See DeMartini v. DeMartini*, 964 F. 3d 813, 818 (9th Cir. 2020), which states:

> When the joinder of a required party is not feasible because it would deprive the district court of subject-matter jurisdiction, Rule 19 directs the court to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). Section 1447(e) allows a third option: remand back to state court. *See Yniques v. Cabral*, 985 F.2d 1031, 1034 (9th Cir. 1993) ("Section 1447(e) engineers a 'departure' from the analysis required by Fed. R. Civ. P. 19 in that it allows the joinder of a necessary non-diverse party and a subsequent remand to state court.") This appeal concerns a remand order citing § 1447(e) as its basis. After concluding that, "in equity and good conscience," it could not allow the action to proceed without the trustees, the district court acknowledged that Rule 19 would ordinarily require it to dismiss the action. However, because the case had been removed from state court, the district court determined that §1447(e) authorized the alternative of remand, an alternative which it welcomed.

*Id.*

## IV. DISCUSSION

Remand for failure to join JPIA, Acme Roofing, and RIS is warranted because they are necessary and indispensable parties to this Removed Action, and—as California citizens—their joinder would destroy complete diversity. *See DeMartini*, 964 F. 3d at 818 (citing *Yniques*, 985 F.2d at 1034). A party must be joined if "the court cannot accord complete relief among existing parties" without that party. *Alto v. Black*, 738 F.3d 1111, 1125-26 (9th Cir. 2013) Complete relief "is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto*, 738 F.3d at 1126 (citing *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)). Relief must be "meaningful relief as between the parties." *Id.* This portion of the rule "is concerned only with relief as between persons already parties, not as between a party and the absent person whose joinder is sought." *Eldredge*, 662 F.2d at 537.

8

**Necessary Parties**

Tesla and Berkley are the parties to the Removed Action which includes causes of action based on and related to the determination of the obligations and rights of Berkley because of the insurance policies it issued to Tesla and Acme Roofing. Berkley is alleged to have not provided sufficient insurance coverage to cover the damages the arbitration award was based upon from Acme and RIS's damage during the construction project. There are at least two other insurance policies that were issued to Tesla, and at least two other parties (besides Acme and Berkley) that are being accused of acts that contributed to the damages justifying the arbitration award. In addition, there have been causes of action brought against JPIA, Acme Roofing, and RIS in the Related Action that could result in liability as to each of them for a portion of the amount that Tesla seeks from Berkley in this Removed Action. As a result, to sufficiently adjudicate the dispute between the current parties in the Removed Action it is necessary to determine the collective and individual obligations of Berkley, JPIA, Acme Roofing, RIS. It is also necessary to determine the scope of coverage of all insurance policies issued that are relevant to the dispute in the Removed Action and Related Action. That would require looking at the same or substantially similar set of facts that are being addressed in the Related Action, which is not desirable or sensible. *See Zurich Am. Ins. Co.*, 2009 WL 2252098, *3 ("Permitting this suit to proceed without absent parties will result in duplicative litigation as the facts and issues being litigated in both courts are completely identical and will possibly result in conflicting outcomes. Requiring [insurance companies] to join [other parties] in this suit is both desirable and sensible form a public standpoint.").

Even though JPIA, Acme Roofing and RIS are not insurance companies, if they were not joined, then they would not have a chance to show how Berkley's coverage could, or does, include the damage that Berkley claims is allegedly excluded. They each have an interest in this issue, and related issues, since making such a showing could reduce or eliminate their liability or risk of being pursued in the Related Action or another proceeding given the potential liability against them. JPIA, Acme Roofing, and RIS therefore run a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of interest" if they are not parties to the

1  Removed Action. *See Zurich*, 2009 WL 2252098, at *2. On balance, the facts support finding
2  JPIA, Acme Roofing, and RIS are necessary parties.

**Indispensable Parties**

The second part of the inquiry requires the Court to decide whether "in equity and good conscience" it should proceed among the existing parties. *Deschutes River Alliance v. Portland Gen. Elec. Co.*, 1 F.4th 1153, 1163 (9th Cir. 2021). A determination of the rights and obligations of Berkley in this action, the Removed Action, could prejudice JPIA, Acme Roofing, and RIS because they could have their rights and obligations affected by a determination in this action. In addition, if those three were joined, that may lessen their prejudice because then they can make sure that their interests in the litigation are being protected. A judgment in this action without them would be inadequate because it would not be holistic enough to include the rights and obligations of the other defendants in the Related Action pending in state court whose participation could impact the determination of Berkley's liability in this Removed Action. *See Zurich Am. Ins. Co.*, 2009 WL 2252098, at *5 (citing *Provident*, 390 U.S. at 111). Given the pending state litigation, any judgment rendered in this court cannot be adequate because its finality will be contingent on, or otherwise affected by, another court's ruling – the ruling in the Related Action. *Id.* at *3. On the other hand, Tesla would have an adequate remedy if the case were remanded since it would just be litigating in another forum, in the state court, with the Related Action. Tesla would have a superior remedy if the case were remanded for ease of judicial administration and to streamline the process. On balance, the factors weigh in favor of finding JPIA, Acme Roofing, and RIS indispensable.

**Complete Diversity**

Berkley removed this action from the Santa Clara Superior Court to this Court on January 6, 2023 on the grounds this Court has diversity jurisdiction under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1441 (b). However, because there is not complete diversity among Tesla and among JPIA, Acme Roofing, and RIS—who are all necessary and indispensable parties as discussed above—the Court must remand the action for lack of jurisdiction. *See* 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 12(h)(3); *see also Caterpillar*, 519 U.S. at 68.

The Notice of Removal states Tesla is a Delaware Corporation with its principal place of business in Arizona, relying on the Removed Action's Complaint. ECF No. 1 (Notice of Removal) ¶ 1; ECF No. 1-1 (Removed Action). But the Complaint filed in the Related Action states Tesla's principal place of business is in California. ECF No. 1-11 ¶ 8. Under 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Since there is a "strong presumption against removal jurisdiction" and any ambiguity will be construed in favor of remand, the Court resolves this ambiguity in favor of finding Tesla's principal place of business in California. Tesla is therefore a California citizen. *See Hunter*, 582 F.3d at 1042 (citing *Gaus*, 980 F.2d. at 566).

Berkley is not a California Citizen, but Acme Roofing, RIS, and JPIA are California citizens. They are also necessary and indispensable parties in the Removed Action. While the Removed Action alleges Tesla is not a California citizen, the Related Action states that Tesla's principal place of business is in California. "[R]esolv[ing] all ambiguity in favor of remand to state court", this Court finds that Tesla is a California citizen, and therefore has the same state of citizenship as the necessary and indispensable parties that should be participating in this action. *See* 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 12(h)(3); *see also Caterpillar*, 519 U.S. at 68. As a result, there is a dispute between citizens of different states, therefore complete diversity is lacking, and the case must be remanded. *See DeMartini*, 964 F. 3d at 818.

Since Defendant Berkley is an insurance company, its citizenship would be determined by the citizenship of its insured in direct actions under 28 U.S.C. § 1332(c)(1). *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728 (9th Cir. 1993). "§ 1332(c)(1) applies to those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him…" *Id.* at 729. In this case, Berkley has two insureds: Tesla and Acme Roofing, both California citizens. If this action is considered a direct action within the meaning of § 1332(c)(1), then it should be remanded for lack of jurisdiction because Berkley would then not be diverse from Tesla or Acme Roofing, its insureds, who are California citizens. *See id.* at 728. However,

United States District Court
Northern District of California

the Court need not conduct an analysis regarding whether this action qualifies as a direct action or not, since remand is proper under 12(b)(7) for the reasons already stated.

V.      **CONCLUSION**

Due to the foregoing, the Court **REMANDS** this case for lack of subject matter jurisdiction.  This order resolves ECF No. 22, 30, and 35 since they are all now **MOOT.**

**IT IS SO ORDERED.**

Dated: May 1, 2024

TRINA L. THOMPSON
United States District Judge